IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY ARMSTRONG,** | : | |
| Petitioner, | : | **CIVIL ACTION** |
| | : | |
| *v.* | : | |
| | : | **NO. 20-CV-5012** |
| **SUPERINTENDENT** | : | |
| **SCI-CAMP HILL**, *et al.,* | : | |
| Respondents. | : | |

# ORDER

**AND NOW** this 14th day of August, 2023, upon consideration of Petitioner Anthony Armstrong's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1), Petitioner's Memorandum of Law (Doc. No. 15), the Commonwealth's opposition brief (Doc. No. 20), the Report and Recommendation of the Honorable Carol Sandra Moore Wells (Doc. No. 26), and Petitioner's Objection (Doc. No. 27), it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED.**

2. The Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

3. There is no probable cause to issue a certificate of appealability.[1]

**IT IS FURTHER ORDERED** that upon consideration of Petitioner's Motion to Amend Complaint (Doc. No. 28) and letter requesting appointment of counsel (Doc. No. 32):

1. Petitioner's Motion to Amend is **DENIED.**[2]

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

[2] Armstrong moved for leave to "amend the deficiencies as noted by the Honorable Magistrate

2. Petitioner's request for appointment of counsel is **DENIED AS MOOT.**

3. The Clerk of Court shall mark this matter **CLOSED.**

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____
KAREN SPENCER MARSTON, J.

---

Judge Carol Sandra Wells Moore to perfect the complaint as justice so requires." (Doc. No. 28 at 1.) He does not, however, attach an amended petition to the motion or otherwise explain how he would like to amend his petition. Regardless, the Court finds any amendment would likely be futile, given that the Court has found Armstrong's claims are either noncognizable or fail on the merits.